Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| John Jackson,<br><br>          Plaintiff,<br><br>vs.<br><br>Winking Lizard of Gateway, Inc., and Beachwood Winks, LLC,<br><br>          Defendants. | No. _____<br><br>**COMPLAINT**<br><br>**(Demand for Jury Trial)** |

COMES NOW Plaintiff, John Jackson ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendants, Winking Lizard of Gateway, Inc. ("Defendant Gateway") and Beachwood Winks, LLC ("Defendant Beachwood") (collectively, "Defendants"), and he alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728,

-1-

739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m). The FLSA further recognizes that, under certain circumstances, an employee may be engaged in "dual jobs," during which an employer may only impose a tip credit on an employee's wages for time spent working while engaged in a tip-producing occupation. See 29 U.S.C. § 203(m). See also 29 C.F.R. § 531.56(e), Department of Labor Field Operations Handbook § 30d00(e).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. This civil action arises under the Constitution and law of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5. At all material times, Plaintiff is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

6. At all material times, Defendant Gateway was a corporation duly licensed to transact business in the State of Ohio. Defendant Gateway does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

7. At all relevant times, Plaintiff was an employee of Defendant Gateway. At all relevant times, Defendant Gateway, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Gateway. In any event, at all relevant times, Defendant Gateway was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

8. At all material times, Defendant Beachwood was a limited liability company duly licensed to transact business in the State of Ohio. Defendant Beachwood does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

9. At all relevant times, Plaintiff was an "employee" of Winking Lizard of Gateway, Inc., and Beachwood Winks, LLC, as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

10. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Winking Lizard of Gateway, Inc., and Beachwood Winks, LLC.

-3-

11. At all relevant times, Winking Lizard of Gateway, Inc., and Beachwood Winks, LLC, were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

13. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

14. Defendants own and/or operate as Winking Lizard of Gateway, Inc., an enterprise located in Cuyahoga County, Ohio.

15. Plaintiff was hired by Defendants as a tipped employee as defined by the FLSA, 29 U.S.C. § 201, *et seq.*, to work as a server, and Plaintiff worked for Defendants between approximately June 1, 2014 and July 31, 2014, when Plaintiff left his employment with Defendants.

16. Defendants own and/or operate as Beachwood Winks, LLC, an enterprise located in Cuyahoga County, Ohio.

17. Plaintiff was hired by Defendants as a tipped employee as defined by the FLSA, 29 U.S.C. § 201, *et seq.*, to work as a server, and Plaintiff worked for Defendants between approximately August 1, 2014 and May 31, 2015, when Plaintiff left his employment with Defendants.

18. Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiff was paid as a tipped employee, Defendants imposed a tip credit upon Plaintiff at below the applicable minimum wage.

19. As a result of Defendant's imposition of a tip credit, Plaintiff was forced to perform work at an hourly rate that was less than the applicable minimum wage.

20. Defendants engaged in the regular practice of requiring Plaintiff to perform a substantial amount of non-tipped labor related to his tipped occupation in excess of 20% of his regular workweek and non-tipped labor unrelated to his tipped occupation over the course of his regular workweeks.

21. Examples of non-tipped labor related to Plaintiff's tipped occupation that exceeded 20% of Plaintiff's regular workweek, include, but are not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

22. Examples of non-tipped labor unrelated to Plaintiff's tipped occupation that Plaintiff performed during his regular workweeks, include, but are not limited to: preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, restocking restrooms, and cleaning toilets, urinals, and restroom floors.

23. As a result of Defendants' willful requirement that Plaintiff perform a substantial amount of non-tipped labor related to his tipped occupation in excess of 20% of his regular workweeks and non-tipped labor unrelated to his tipped occupation over the course of his regular workweeks, Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage.

24. In both policy and practice, Defendants regularly and consistently required Plaintiff to perform the above-listed non-tipped labor related to his tipped occupation in excess of twenty percent (20%) of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving his first customer; and after being "cut" from serving customers.

25. In both policy and practice, Defendants regularly and consistently required Plaintiff to perform the above-listed non-tipped labor unrelated to his tipped occupation during the course of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving his first customer; and after being "cut" from serving customers.

26. As a result of Defendants' requirement that Plaintiff perform such non-tipped labor related to his tipped occupation, and in excess of twenty percent (20%) of his regular workweek, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the

Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of his time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiff spent working in a non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a) and 29 U.S.C. § 216(b), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during his regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

27. As a result of Defendants' requirement that Plaintiff perform such non-tipped labor unrelated to his tipped occupation, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of his time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiff spent working in their non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during his regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

28. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

29. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

30. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff the full applicable minimum wage for time spent performing non-tipped labor related to his tipped occupation in excess of 20% of his regular workweeks, and non-tipped labor unrelated to his tipped occupation over the course of his regular workweeks.

31. In a given workweek, and during each and every workweek for which Plaintiff worked for Defendants as a tipped employee, Defendants required Plaintiff to perform a substantial amount of non-tipped labor related to his tipped occupation in excess of 20% of his regular workweek and non-tipped labor unrelated to his tipped occupation over the course of his regular workweek. Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a). Defendants required Plaintiff to perform non-tipped labor related to his tipped occupation in excess of 20% of his regular workweeks and non-tipped labor unrelated to his tipped occupation each and every workweek during which he worked for Defendants.

32. Plaintiff believes and therefore avers that Defendants owe him similar wages for each and every workweek during which he worked for Defendants for the entire duration of his employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

33. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such, Defendant's records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

34. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

35. Plaintiff was a non-exempt employee.

36. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

37. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

38. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

39. Plaintiff has retained The Bendau Law Firm, PLLC to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20%**

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendants, to perform non-tipped labor related to his tipped occupation in excess of twenty percent (20%) of his regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

42. Defendants intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time he spent performing non-tipped labor related to his tipped occupation in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiff was employed by Defendants, in violation of 29 U.S.C. § 206(a).

43. As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor related to his tipped occupation in excess of twenty percent (20%) of his regular workweek is owed to Plaintiff for each and every workweek he was employed by Defendants.

44. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

45. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, John Jackson, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Winking Lizard of Gateway, Inc., and Beachwood Winks, LLC for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**NON-TIPPED LABOR UNRELATED TO TIPPED WORK**

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendants, to perform non-tipped labor unrelated to

-11-

his tipped occupation over the course of his regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

48. Defendants intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time he spent performing non-tipped labor unrelated to his tipped occupation over the course of a given workweek, for each and every workweek that Plaintiff was employed by Defendants, in violation of 29 U.S.C. § 206(a).

49. As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor unrelated to his tipped occupation over the course of his regular workweek is owed to Plaintiff for each and every workweek he was employed by Defendants.

50. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

51. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, John Jackson, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Winking Lizard of Gateway, Inc., and Beachwood Winks, LLC for compensation for unpaid minimum wages, plus an

additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 20th Day of October 2015.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone AZ: (480) 296-7887
Telephone OH: (216) 395-4226
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com


By: /s/ *James L. Simon*
James L. Simon (OH No. 89483)
THE LAW OFFICE OF ANDREW J. SIMON
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Attorneys for Plaintiff*